Peyton Lee, OSB No. 164224
Assistant Federal Public Defender
E-mail: Peyton_Lee@fd.org
Michael Benson, AK Bar No. 1311070
Assistant Federal Public Defender
Email: Michael_Benson@fd.org
101 S.W. Main Street, Suite 1700
Portland, OR 97204
Tel. (503) 326-2123
Attorneys for Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>  v.<br><br>LUCY CAROLINE SHEPHERD,<br><br>       Defendant. | Case No: 3:25-mj-00327-1<br><br>MEMORANDUM ON LEGAL ISSUES FOR PRELIMINARY HEARING |

Defendant, Lucy Caroline Shepherd, through counsel, Peyton Lee and Michael Benson, submits the following memorandum of legal issues in anticipation of Ms. Shepherd's preliminary hearing set for December 3, 2025. To continue with the complaint against Ms. Shepherd the government must convince this Court that there is probable cause that either Ms. Shepherd willfully attempted to injure the officer or that she threatened to injure the officer.

**I. Procedural Background**

The government has alleged by Criminal Complaint that Ms. Shepherd is guilty of felony Assault on a Federal Officer under 18 U.S.C. §111(a)(1). Ms. Shepherd made an initial appearance on November 3, 2025, at which time a preliminary hearing was scheduled pursuant

Page 1   Memorandum on Legal Issues for Preliminary Hearing

to Fed. R. Crim. P. 5.1 for November 19, 2025. Due to scheduling constraints, and with Ms. Shepherd's consent, her preliminary hearing was reset and is now scheduled for Wednesday, December 3, 2025.

As established under FRCP 5.1, Ms. Shepherd is entitled to cross-examine adverse witnesses and introduce evidence. Additionally, she is entitled under FRCP 26.2(a) to any written statements of witnesses that the government calls to testify. After testimony and evidence, the court must determine if there is probable cause that an offense has been committed and that Ms. Shepherd has committed it. FRCP 5.1(e).

## II.     Anticipated Evidence

Ms. Shepherd is a 28-year-old woman with no criminal history nor any prior arrest history. She attended the protests outside the ICE Building on October 31, 2025, along with her sister. Both of them wore protective clothing, a consequence of their past attendance at peaceful protests at the ICE Building where they witnessed or were subjected to federal officers' use of pepper balls, tear-gas canisters, rubber bullets from rooftop agents, and physical contact to clear the building's driveway.

While Ms. Shepherd and her sister were at the protests on October 31, 2025, federal law enforcement personnel marched from the gates of the ICE facility toward the street. Ms. Shepherd and her sister moved backwards as this occurred, clearing into the street and sidewalk area where protestors had been permitted to stand when the gates were opening and closing for vehicles. As Ms. Shepherd filmed the interaction, an officer reached toward her phone and shoulder area. Ms. Shepherd told him not to touch her and brushed away his hand. After this contact, the officer forcibly tackled Ms. Shepherd to the ground. Multiple officers piled on top of her, arrested her, and carried her into the building.

### III. Relevant Caselaw

18 U.S.C. §111(a)(1) criminalizes "whoever forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any person designated in section 1114 of this title while engaged in or on account of the performance of official duties[.]" Such conduct constitutes a felony when "such acts involve physical contact with the victim of that assault or the intent to commit another felony[.]" The Model Jury Instructions for the Ninth Circuit provide the following elements and definition:

> First, the defendant forcibly assaulted [*federal officer*]; and
>
> Second, the defendant did so while [*federal officer*] was engaged in, or on account of his official duties.; and
>
> Third, the defendant made physical contact.
>
> There is a forcible assault when one person intentionally strikes another, or willfully attempts to inflict injury on another, or intentionally threatens another coupled with an apparent ability to inflict injury on another which causes a reasonable apprehension of immediate bodily harm.

The Jury Instructions provide as legal support:

> The statutory language states that the crime can be committed by one who "forcibly assaults, resists, opposes, impedes, intimidates or interferes," but the Ninth Circuit has held that regardless of the circumstances, "convictions under [111(a)] require at least some form of assault." *United States v. Chapman*, 528 F.3d 1215, 1221 (9th Cir. 2008).

### A. **A forcible assault under 18 U.S.C. § 111(a)(1) requires a willful attempt to inflict injury or a threat to inflict injury coupled with present ability.**

Based on the complaint, the Government's theory appears to be that Ms. Shepherd administered a "strike" to the arm of the officer, thus forcibly assaulting him. ECF 1, at 3, ¶7.

The leading case on the scope of felony assault under 18 U.S.C. § 111(a)(1) is *United States v. Chapman*, 528 F.3d 1215 (9th Cir. 2008). *Chapman* determined that a felony under

section 111 requires "at least some form of assault." *Id*. at 1222. *Chapman* further explained that the term "assault" in section 111 requires "either a willful attempt to inflict injury upon the person of another or . . . a threat to inflict injury upon the person of another which, when coupled with an apparently present ability, causes a reasonable apprehension of immediate bodily harm." *Id*. at 1119-1120 (quoting *United States v. Dupree*, 544 F.2d 1050, 1051 (9th Cir. 1976)). Even though *Chapman* was a case involving physical contact, *Chapman* never discussed or suggested that some lower degree of merely "offensive" physical contact could constitute an assault.

Before *Chapman* the Ninth Circuit had taken a broad view of the amount of "force" necessary to qualify as "forcibly" under the statutory text. *United States v. Sommerstedt*, 752 F.2d 1494, 1496 (9th Cir. 1985). However, even when doing so, the Ninth Circuit consistently defined assault the same way as in *Chapman*, including the requirement of an attempt or threat to inflict injury. *See id*. (defining assault using the exact same language as *Chapman*, 538 F.3d at 1119-1120). While any amount of force may be sufficient for a violation of section 111, that force must be part of an assault. *Id*.

The Ninth Circuit has upheld a conviction for spitting as assaultive, but under a different statute with very different wording. *United States v. Lewellyn*, 481 F.3d 695, 699 (9th Cir. 2007). That statute makes "simple assault" a crime generally punishable by no more than six months of imprisonment. 18 U.S.C. § 113(a)(5). By contrast section 111 requires a "forcible assault" and carves out a misdemeanor for "simple assault." The Ninth Circuit has already determined that simple assault in this statute has a different specialized meaning of an assault without physical contact. *Chapman*, 528 F.3d at 1222.

Here, Ms. Shepherd's conduct of brushing aside is not alleged to have injured the officer, nor to have been a willful attempt to injure the officer. The video corroborates the complaint's

Page 4 Memorandum on Legal Issues for Preliminary Hearing

silence on the issue of injury. The brushing is far to brief and involves too little force to have been intended to inflict any kind of injury on the officer whatsoever. For that reason there is no probable cause in this case.

### B. An "assault" under 18 U.S.C. §111 cannot be established merely by "offensive" touching.

Ms. Shepherd anticipates that the government may argue that any conduct which would constitute a common law battery through "offensive" touching should constitute a felony assault under 18 U.S.C. § 111(a)(1).

Viewing an "assault" as including offensive touching rests on a conflation of two different meanings of battery. At common law assault and battery are two separate crimes. LaFave § 16.1(a) (discussing the separate elements). Under the modern approach assault and battery are generally merged, and battery requires showing physical injury. *See* LaFave § 16.2(a) ("The modern approach [. . .] is to limit battery to instances of physical injury []."). When assault is defined as "attempt to commit a battery," and battery requires showing physical injury, it follows that "assault is [. . .] a willful attempt to inflict injury[.]" *Dupree*, 544 F.2d at 1051. When cases like *Dupree* indicate that a completed battery proves the assault, that logic only follows if battery is restricted to cases involving bodily injury. *Id.* at 1052. A completed offensive touching in no way proves an "attempt to inflict injury." *Id*.

Defining "assault" this way avoids the issues of notice and statutory construction addressed in *Chapman*. *Chapman* was concerned that defining any "resistance" as violative of section 111 would make "all such cases felonies." *Chapman*, 528 F.3d at 1220. In other words, expanding "assault" to include mere offensive touching would make a felon of someone who merely offensively touched a federal employee, whereas an individual who unsuccessfully

attempted to punch and injure the same person would be guilty of only a misdemeanor for not making physical contact. *Id*. Viewing all offensive-contact batteries as "assaults" would undermine the distinction between felony and misdemeanor conduct in the statute.

    **C.**    **Even accepting *arguendo* that 18 U.S.C. § 111(a)(1) makes a minor completed battery into a felony assault, Ms. Shepherd's conduct was not a battery because fending off unwanted contact is not offensive contact.**

Even under an unsupported expansion of felony assault as including the offensive touching theory of battery, brushing aside unwanted physical contact is not a battery. Under a modern approach, a completed battery requires a showing of "bodily injury." W. LaFave, Austin W. Scott, Jr., *Substantive Criminal Law*, § 16.2(a) (hereinafter LaFave). There is no allegation of any injury in this case. At common law, a battery could be completed through "offensive" touching. *Id*. Under the offensive touching theory of battery, the amount of force does not matter. But that does not mean every unconsented touch is a battery.

Most cases applying the "offensive touching" theory of battery concern "unwanted sexual advances" that are now covered by other more specific criminal statutes.[1] LaFave § 16.2(a) ("The modern approach, as reflected in the Model Penal Code, is to limit battery to instances of physical injury and cover unwanted sexual advances by other statutes."). For example, a man placing his hand inside of the pants of a woman who has asked him to stop constitutes an offensive touching. *People v. Wilkinson*, 551 N.E.2d 327, 329 (Ill. App. 1990). Rubbing and grabbing the buttocks of a flight attendant without her consent similarly constitutes an offensive

---

[1] In fact the modern approach to battery eliminates the offensive touching theory entirely. *Id*.

touching. *United States v. Bayes*, 210 F.3d 64, 69 (1st Cir. 2000).[2] The "offensive" nature of the contact as issue in these cases is based not so much on the degree of force used, but on the intent to inflict emotional injury. *See Wood v. Commonwealth*, 140 S.E. 114, 115 (Va. 1927) ("Whether the touch constitutes a battery 'will depend, not upon the amount of force applied, but upon the intent of the actor.'") (quoting *Lynch v. Commonwealth*, 109 S.E. 427, 428 (Va. 1921)[3]).

It would turn the law of battery on its head to suggest that brushing aside an unwanted hand placed near one's chest constitutes the kind of "offensive" touching required for a common law battery. The amount of force Ms. Shepherd used is de minimis. It was not consistent with any intent to injure the officer or place the officer in fear of being injured. Instead, it is consistent with an intent to express a lack of consent to the officer touching Ms. Shepherd. She made no effort to enter the driveway, block traffic, or prevent the officer from continuing on his way. She simply did not want to be touched without her consent. Nor is there anything inherently offensive about briefly touching someone's arm. There is no context to this case as in *Lynch* to suggest some reason to believe that the brushing aside of the arm involved the kind of personal inherently offensive contact generally considered a battery.

---

[2] Other cases have dealt with the issue of spitting, but are not discussed here as no similar conduct is alleged in this case.

[3] The use of a case from the Jim Crow South involving even the suggestion of interracial sex as a significant source of law presents obvious interpretive challenges. However, this case has been extensively relied on by other sources as a valid exposition of the boundaries of common law battery. *See, e.g., Johnson v. United States*, 559 U.S. 133, 139 (2010) (discussing the force required for battery); *United States v. Voisine*, 778 F.3d 176, (4th Cir. 2015) (discussing the mens rea for battery); *United States v. Winrow*, 49 F.4th 1372, 1382 (10th Cir. 2022) (discussing the conduct necessary for battery).

Page 7 Memorandum on Legal Issues for Preliminary Hearing

## IV. Conclusion

Ms. Shepherd respectfully requests the Court consider the foregoing caselaw in making its determination on December 3, 2025, regarding whether the Government has established probable cause that Ms. Shepherd committed an assault under 18 U.S.C. § 111(a).

Dated: December 1, 2025.

/s/ Peyton Lee
Peyton Lee, OSB No. 164224

/s/ Michael Benson
Michael Benson, AK Bar No. 1311070